

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>and<br><br>COMMONWEALTH OF VIRGINIA,<br><br>Plaintiffs,<br><br>v.<br><br>KMX CHEMICAL CORP.,<br><br>Defendant. | Civil No. 2:19cv517 |

## ORDER

Pending before the Court is a Motion to Enter Consent Decree filed jointly by the United States of America ("USA") and the Commonwealth of Virginia ("Virginia") (collectively, the "Plaintiffs"), and Defendant KmX Chemical Corp ("KmX"). For the reasons stated herein, the Motion to Enter Consent Decree (ECF No. 5) is **GRANTED**.

### I. BACKGROUND

KmX owns and operates a solvent recovery and chemical manufacturing facility in the Eastern District of Virginia. ECF No. 1 at 3. This case arises from alleged violations by KmX of environmental regulations. Plaintiffs USA (acting on behalf of the Environmental Protection Agency) and Virginia brought several claims under the Clean Air Act, 42 U.S.C. §§ 7411 & 7412, and 40 C.F.R. Parts 60 & 63. ECF No. 1 at 1–2.

Under a proposed settlement (ECF No. 2-1) of the claims, KmX must pay a total penalty of $60,000—half to each Plaintiff. KmX must also implement a leak detection and repair program "tailored to the unique circumstances" of its facility for at least two years. ECF No. 6 at 2, 4–5.

Plaintiff USA published the parties' proposed settlement, as required, to allow for public comment. *Id.* No comments were received. *Id.*

## II. ANALYSIS

"[B]efore entering a consent decree the court must satisfy itself that the agreement is fair, adequate, and reasonable and is not illegal, a product of collusion, or against the public interest." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). If approved, the Court must "give a clear indication that it is incorporating the terms of the agreement into that order or retaining jurisdiction over the agreement." *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 283 (4th Cir. 2002).

The proposed consent decree (ECF No. 2-1) appears fair and reasonable. The parties negotiated extensively at arms' length and agreed to "frequent equipment monitoring, lower leak definitions triggering repairs of leaking valves and pumps, and a third party audit, [which] will result in significant VOC emission reductions." ECF No. 6 at 7. The monetary penalty is also tailored to KmX's ability to pay. *Id.* at 7–8.

Furthermore, nothing in the record suggests that the terms of the proposed consent decree are illegal, the product of collusion, or against the public interest. This conclusion is supported by the lack of response during the public comment period.

## III. CONCLUSION

For the reasons set forth above, the Motion to Enter Consent Decree (ECF No. 5) is **GRANTED**. The Court retains jurisdiction over the agreement (ECF No. 2-1), and its terms are incorporated herein.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

12/6, 2019
Norfolk, Virginia

3